IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Monte Eugene Jenkins,<br><br>　　　　　Petitioner,<br><br>vs.<br><br>Charles L. Ryan,<br><br>　　　　　Respondent. | No. CV-10-500-TUC-AWT-DTF<br><br>**REPORT & RECOMMENDATION** |

Petitioner Monte Eugene Jenkins has filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. In accordance with the Rules of Practice of the Court, this matter was referred to Magistrate Judge Ferraro for Report and Recommendation. Before this Court are the Petition (Doc. 1), Respondent's Answer and supplement (Docs. 9, 13), and Petitioner's Reply and supplement (Docs. 11, 14). The Magistrate Judge recommends that the District Court, after its independent review of the record, dismiss the petition.

## **FACTUAL AND PROCEDURAL BACKGROUND**

Petitioner was indicted on eleven counts, for acts occurring on two dates: two counts of attempted first degree murder, two counts of aggravated assault with a deadly weapon, three counts of aggravated assault causing serious physical injury, two counts of possession of a deadly weapon by a prohibited possessor, one count of discharging a firearm at a residential structure, and one count of aggravated assault of a minor under fifteen. (Doc. 9, Ex. A at 1-3.) Petitioner pled guilty to six counts, based on his shooting of two victims on

November 23, 2003: two counts of attempted second degree murder, two counts of aggravated assault with a deadly weapon, and two counts of aggravated assault causing serious physical injury. (*Id.*, Ex. B; Doc. 13, Ex. X at 9-10.) Petitioner was sentenced in the Pima County Superior Court by the Honorable Michael Cruikshank to a fifteen-year sentence on one of the second degree murder counts, with concurrently running sentences for aggravated assault with a deadly weapon and aggravated assault causing serious physical injury, as to one victim. (*Id.*, Ex. D.) The judge sentenced Petitioner to a consecutive fifteen-year sentence on the other second degree murder count, with the remaining counts as to the other victim running concurrent with that sentence. (*Id.*) His sentence was aggravated for various counts based on the causing of serious physical injury, purpose of pecuniary gain, use of an accomplice and use of a firearm. (*Id.*)

Petitioner engaged in multiple rounds of post-conviction relief (PCR) petitions through the Arizona state courts. His first petition was submitted to the superior court on March 7, 2005. (*Id.*, Ex. F.) The PCR court ordered that Petitioner's sentence be recalculated, but denied his other claims. (*Id.*, Ex. G.) Petitioner appealed on the issue of the factual basis of his plea agreement; the court granted review but denied relief. (*Id.*, Exs. H, I.) The Arizona Supreme Court denied review. (*Id.*, Ex. K.)

His second petition was submitted to the superior court on July 31, 2007. (*Id.*, Ex. M.) The PCR court denied the petition because the claims were precluded. (*Id.*, Ex. N.) Petitioner appealed on the issue of the improper use of aggravating factors and was granted review but denied relief on preclusion grounds. (*Id.*, Exs. O, P.) Petitioner did not appeal this decision to the Arizona Supreme Court. (*Id.*, Ex. Q.)

His third petition was submitted on April 29, 2009. (*Id.*, Ex. R.) The PCR Court denied the petition finding the claims precluded. (Doc 9, Ex. S.) Petitioner appealed all of the issues contained within his third petition to the Court of Appeals, which granted review but denied relief on preclusion grounds. (Doc 9, Exs. T, U.) The Arizona Supreme Court denied review. (Doc 9, Ex. W.)

## DISCUSSION

Respondent concedes that the petition is timely but argues that all of Petitioner's claims are procedurally defaulted.

### PRINCIPLES OF EXHAUSTION AND PROCEDURAL DEFAULT

A writ of habeas corpus may not be granted unless it appears that a petitioner has exhausted all available state court remedies. 28 U.S.C. § 2254(b)(1); *see also Coleman v. Thompson*, 501 U.S. 722, 731 (1991). To exhaust state remedies, a petitioner must "fairly present" the operative facts and the federal legal theory of his claims to the state's highest court in a procedurally appropriate manner. *O'Sullivan v. Boerckel*, 526 U.S. 838, 848 (1999); *Anderson v. Harless*, 459 U.S. 4, 6 (1982); *Picard v. Connor*, 404 U.S. 270, 277-78 (1971). If a habeas claim includes new factual allegations not presented to the state court, it may be considered unexhausted if the new facts "fundamentally alter" the legal claim presented and considered in state court. *Vasquez v. Hillery*, 474 U.S. 254, 260 (1986).

Exhaustion requires that a petitioner clearly alert the state court that he is alleging a specific federal constitutional violation. *See Casey v. Moore*, 386 F.3d 896, 913 (9th Cir. 2004); *see also Gray v. Netherland*, 518 U.S. 152, 163 (1996) (general appeal to due process not sufficient to present substance of federal claim); *Lyons v. Crawford*, 232 F.3d 666, 669-70 (2000), *as amended by* 247 F.3d 904 (9th Cir. 2001) (general reference to insufficiency of evidence, right to be tried by impartial jury, and ineffective assistance of counsel lacked specificity and explicitness required); *Hiivala v. Wood*, 195 F.3d 1098, 1106 (9th Cir. 1999) ("The mere similarity between a claim of state and federal error is insufficient to establish exhaustion."). A petitioner must make the federal basis of a claim explicit either by citing specific provisions of federal law or case law, *Lyons*, 232 F.3d at 670, or by citing state cases that plainly analyze the federal constitutional claim, *Peterson v. Lampert*, 319 F.3d 1153, 1158 (9th Cir. 2003) (en banc); *cf. Fields v. Waddington*, 401 F.3d 1018, 1022 (9th Cir. 2005) (mere citation to a state case that conducts both a state and federal law analysis does not, by itself, satisfy exhaustion).

In Arizona, there are two primary procedurally appropriate avenues for petitioners to exhaust federal constitutional claims: direct appeal and PCR proceedings. Rule 32 of the Arizona Rules of Criminal Procedure governs PCR proceedings and provides that a petitioner is precluded from relief on any claim that could have been raised on appeal or in a prior PCR petition. Ariz. R. Crim. P. 32.2(a)(3). The preclusive effect of Rule 32.2(a) may be avoided only if a claim falls within certain exceptions (subsections (d) through (h) of Rule 32.1) and the petitioner can justify why the claim was omitted from a prior petition or not presented in a timely manner. *See* Ariz. R. Crim. P. 32.1(d)-(h), 32.2(b), 32.4(a).

A habeas petitioner's claims may be precluded from federal review in two ways. First, a claim may be procedurally defaulted in federal court if it was actually raised in state court but found by that court to be defaulted on state procedural grounds. *Coleman*, 501 U.S. at 729-30. Second, a claim may be procedurally defaulted if the petitioner failed to present it in state court and "the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred." *Coleman*, 501 U.S. at 735 n.1; *see also Ortiz v. Stewart*, 149 F.3d 923, 931 (9th Cir. 1998) (stating that the district court must consider whether the claim could be pursued by any presently available state remedy). If no remedies are currently available pursuant to Rule 32, the claim is "technically" exhausted but procedurally defaulted. *Coleman*, 501 U.S. at 732, 735 n.1; *see also Gray*, 518 U.S. at 161-62.

Because the doctrine of procedural default is based on comity, not jurisdiction, federal courts retain the power to consider the merits of procedurally defaulted claims. *Reed v. Ross*, 468 U.S. 1, 9 (1984). However, the Court will not review the merits of a procedurally defaulted claim unless a petitioner demonstrates legitimate cause for the failure to properly exhaust the claim in state court and prejudice from the alleged constitutional violation, or shows that a fundamental miscarriage of justice would result if the claim were not heard on the merits in federal court. *Coleman*, 501 U.S. at 750.

**PROCEDURAL DEFAULT ANALYSIS**

**Claims 1 to 7**

Petitioner fully and fairly presented Claims 1 through 7 for the first time in his third state PCR petition and appeal.[1] (*See* Doc. 9 at 8, Exs. R, T.) Respondent argues that because the state courts found these claims precluded, they are procedurally defaulted. The Court's review of the relevant state court ruling, however, suggests a different result.

In evaluating exhaustion, the Court relies on the last reasoned state court opinion addressing a claim. *See Ylst v. Nunnemaker*, 501 U.S. 797, 805-06 (1991). With respect to the claims raised in Petitioner's third PCR petition, the last reasoned opinion is that of the Arizona Court of Appeals, which held: "his latest claims either were actually raised in one of his two previous post-conviction proceedings or could have been raised in those proceedings and were therefore waived. As a result, they were precluded, *see* Ariz. R. Crim. P. 32.2(a)(2), (3)." (Doc. 9, Ex. U at 4.)

Claims raised in a prior proceeding are precluded from being raised in a Rule 32 petition based on Arizona Rule of Criminal Procedure 32.2(a)(2). In contrast, claims that could have been but were not raised on appeal or in a prior PCR proceeding are precluded from being brought in a Rule 32 petition based on Rule 32.2(a)(3) because they are considered waived. The PCR court did not indicate which claims it found "precluded" because they had been previously raised as compared to claims that could have been but were not previously raised. The Ninth Circuit has explained the importance of the distinction between a preclusion ruling under subsection (a)(2) and a waiver ruling under subsection (a)(3):

> A claim that has been found to be "precluded" under subsection (a)(2) appears to be a classic exhausted claim and may therefore be subject to consideration

---

[1]    Respondent asserts that part of Claim 6 was never fairly presented and is, therefore, technically exhausted and procedurally defaulted. (Doc. 9 at 8.) The Court disagrees. Petitioner fairly presented both subparts of Claim 6 in his third PCR petition (*id.*, Ex. R at 18-22), and in his subsequent petition for review (*id.*, Ex. T at 13-16).

in federal habeas. *See Ceja v. Stewart*, 97 F.3d 1246, 1252-53 (9th Cir.1996) (recognizing the distinction between waiver and preclusion, and holding that "[p]reclusion does not provide a basis for federal courts to apply a procedural bar").

In contrast, a claim that has been "waived" under subsection (a)(3) is procedurally defaulted and therefore barred from federal court consideration, absent a showing of cause and prejudice or fundamental miscarriage of justice.

*Poland v. Stewart*, 169 F.3d 573, 578 (9th Cir. 1999).

A state court's ruling that a claim is precluded may constitute an adequate and independent ground upon which procedural default may be found. *See Ford v. Georgia*, 498 U.S. 411, 423-24 (1991). However, in order to bar federal review, the state court must "clearly and expressly rely on an independent and adequate state law ground." *Coleman v. Thompson*, 501 U.S. 722, 735 (1991). When some claims are barred in state court because they have been previously raised and others are barred because they could have been raised but were waived, and the state court does not distinguish which claims are barred for which reason, the decision is ambiguous and does not clearly and expressly rely on an independent and adequate state ground. *See Valerio v. Crawford*, 306 F.3d 742, 774-75 (9th Cir. 2002) (en banc); *Koerner v. Grigas*, 328 F.3d 1039, 1049-50 (9th Cir. 2003); *Ceja v. Stewart*, 97 F.3d 1246, 1253 (9th Cir. 1996) (assessing Arizona Rule of Criminal Procedure 32.2). Further, in *Valerio*, when the district court looked beyond the state court decision to determine from the record which claims were previously raised and which claims were waived, the Ninth Circuit en banc held that was error and the claims were not procedurally defaulted. 306 F.3d at 773-75, & n.19.

Because the state appellate court did not distinguish between claims that were precluded for having been previously raised, which would be properly exhausted, and claims that were waived, which would be procedurally barred, the decision is ambiguous and does not clearly and expressly rest on an independent and adequate state ground. Therefore, Claims 1 through 7 will be reviewed by this Court on the merits.

**Claims 8 and 9**

In Claim 8, Petitioner alleges a violation of his Sixth and Fourteenth Amendment rights because the court aggravated his sentence based on fact findings not made by a jury. Claim 9 alleges a violation of his Sixth and Fourteenth Amendment rights because the sentencing judge enhanced his sentence based on the erroneous finding that he was a ringleader.

Petitioner alleged Claim 8 in his first PCR petition. (Doc. 9, Ex. F at 3-11.) However, he did not raise this claim in his petition for review. (*Id.*, Ex. H.) Similarly, Petitioner raised the factual basis of Claim 9 in his first PCR petition; however, he did not allege it as a claim based in federal law. (*Id.*, Ex. F at 11-13.) Further, he did not allege the claim in his petition for review. (*Id.*, Ex. H.) Therefore, Petitioner failed to fairly present Claims 8 and 9 as federal claims at every appropriate state court level. *See Casey v. Moore*, 386 F.3d at 915-16, 918.

If Petitioner were to return to state court now to litigate Claims 8 and 9, they would be found waived and untimely under Rules 32.2(a)(3) and 32.4(a) of the Arizona Rules of Criminal Procedure because they do not fall within an exception to preclusion. Ariz. R. Crim. P. 32.2(b); 32.1(d)-(h). Therefore, these claims are technically exhausted but procedurally defaulted.

Petitioner argues these defaults are excused because counsel for his first of-right-PCR-proceeding was ineffective. Before ineffectiveness may be used to establish cause for a procedural default, it must have been presented to the state court as an independent claim. *Murray v. Carrier*, 477 U.S. 478, 489 (1986). Petitioner never alleged in state court ineffective assistance by his PCR counsel for failing to raise any claims. Ineffectiveness claims regarding counsel are now foreclosed in state court by Arizona Rule of Criminal Procedure 32.2(a)(3) and 32.4(a). Because the Arizona state courts have not had a fair opportunity to rule on Petitioner's ineffectiveness claims alleged as cause, and Petitioner may not exhaust these claims now, they are technically exhausted but procedurally defaulted. *See*

*Gray*, 518 U.S. at 161-62; *Coleman*, 501 U.S. at 735 n.1. Therefore, Petitioner's allegations of ineffective counsel cannot constitute cause to excuse the defaults. *See Edwards v. Carpenter*, 529 U.S. 446, 453 (2000) (ineffective counsel as cause can itself be procedurally defaulted).

## LEGAL STANDARD FOR RELIEF UNDER THE AEDPA

The Antiterrorism and Effective Death Penalty Act (AEDPA) established a "substantially higher threshold for habeas relief" with the "acknowledged purpose of 'reducing delays in the execution of state and federal criminal sentences.'" *Schriro v. Landrigan*, 550 U.S. 465, 473-74 (2007) (quoting *Woodford v. Garceau*, 538 U.S. 202, 206 (2003)). The AEDPA's "'highly deferential standard for evaluating state-court rulings' . . . demands that state-court decisions be given the benefit of the doubt." *Woodford v. Visciotti*, 537 U.S. 19, 24 (2002) (per curiam) (quoting *Lindh v. Murphy*, 521 U.S. 320, 333 n.7 (1997)).

Under the AEDPA, a petitioner is not entitled to habeas relief on any claim "adjudicated on the merits" by the state court unless that adjudication:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). The relevant state court decision is the last reasoned state decision regarding a claim. *Barker v. Fleming*, 423 F.3d 1085, 1091 (9th Cir. 2005) (citing *Ylst v. Nunnemaker*, 501 U.S. 797, 803-04 (1991)); *Insyxiengmay v. Morgan*, 403 F.3d 657, 664 (9th Cir. 2005).

"The threshold question under AEDPA is whether [the petitioner] seeks to apply a rule of law that was clearly established at the time his state-court conviction became final." *Williams v. Taylor*, 529 U.S. 362, 390 (2000). Therefore, to assess a claim under subsection (d)(1), the Court must first identify the "clearly established Federal law," if any, that governs

the sufficiency of the claims on habeas review. "Clearly established" federal law consists of the holdings of the Supreme Court at the time the petitioner's state court conviction became final. *Williams*, 529 U.S. at 365; *see Carey v. Musladin*, 549 U.S. 70, 74 (2006).

The Supreme Court has provided guidance in applying each prong of § 2254(d)(1). The Court has explained that a state court decision is "contrary to" the Supreme Court's clearly established precedents if the decision applies a rule that contradicts the governing law set forth in those precedents, thereby reaching a conclusion opposite to that reached by the Supreme Court on a matter of law, or if it confronts a set of facts that is materially indistinguishable from a decision of the Supreme Court but reaches a different result. *Williams*, 529 U.S. at 405-06; *see Early v. Packer,* 537 U.S. 3, 8 (2002) (per curiam). In characterizing the claims subject to analysis under the "contrary to" prong, the Court has observed that "a run-of-the-mill state-court decision applying the correct legal rule to the facts of the prisoner's case would not fit comfortably within § 2254(d)(1)'s 'contrary to' clause." *Williams*, 529 U.S. at 406; *see Lambert v. Blodgett*, 393 F.3d 943, 974 (9th Cir. 2004).

Under the "unreasonable application" prong of § 2254(d)(1), a federal habeas court may grant relief where a state court "identifies the correct governing legal rule from [the Supreme] Court's cases but unreasonably applies it to the facts of the particular . . . case" or "unreasonably extends a legal principle from [Supreme Court] precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply." *Williams*, 529 U.S. at 407. For a federal court to find a state court's application of Supreme Court precedent "unreasonable," the petitioner must show that the state court's decision was not merely incorrect or erroneous, but "objectively unreasonable." *Id.* at 409; *Landrigan*, 550 U.S. at 473; *Visciotti*, 537 U.S. at 25.

Under the standard set forth in § 2254(d)(2), habeas relief is available only if the state court decision was based upon an unreasonable determination of the facts. *Miller-El v. Dretke*, 545 U.S. 231, 240 (2005) (*Miller-El II*). A state court decision "based on a factual

determination will not be overturned on factual grounds unless objectively unreasonable in light of the evidence presented in the state-court proceeding." *Miller-El*, 537 U.S. 322, 340 (2003) (*Miller-El I*); *see Taylor v. Maddox*, 366 F.3d 992, 999 (9th Cir. 2004). In considering a challenge under § 2254(d)(2), state court factual determinations are presumed to be correct, and a petitioner bears the "burden of rebutting this presumption by clear and convincing evidence." 28 U.S.C. § 2254(e)(1); *Landrigan*, 550 U.S. at 473-74; *Miller-El II*, 545 U.S. at 240.

## MERITS ANALYSIS

Because Claims 1-6 were fairly presented but the state courts did not rule on the merits, this Court reviews them *de novo*. *Pirtle v. Morgan*, 313 F.3d 1160, 1167 (9th Cir. 2002).

### Claims 1, 4 and 5

In Claims 1 and 4, Petitioner alleges a violation of the Fifth Amendment because the court sentenced him on four counts for what amounted to one assault: aggravated assault–deadly weapon (Counts 3/4) and aggravated assault–serious physical injury (Counts 5/6) as to each of two victims. In Claim 5, Petitioner alleges a violation of the Fifth Amendment because the court sentenced him on four counts for one assault: attempted murder (Counts 1/2) and aggravated assault– serious physical injury (Counts 5/6) as to each of two victims.

The double jeopardy clause protects against multiple punishments for the same offense. *Brown v. Ohio*, 432 U.S. 161, 165 (1977). "The applicable rule is that, where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of a fact which the other does not." *Blockburger v. United States*, 284 U.S. 299, 304 (1932).

Counts 3/4 and 5/6, are both assaults against another person. Counts 3 and 4, however, require use of a deadly weapon or dangerous instrument. Counts 5 and 6 do not require that

- 10 -

element but do require that the defendant cause serious physical injury, which is not required for Counts 3 and 4. A.R.S. § 13-1204 (A)(1), (A)(2). Thus, these two offenses require proof of a fact that the other does not. Further, because Counts 3 and 5 involve one victim and Counts 4 and 6 involve a second victim, they each require distinct proof regarding the person assaulted. Because each of these counts require proof of at least one distinct fact, Petitioner was not punished twice for the same offense.

Counts 1 and 2 require proof that the defendant attempted to cause another person's death. Counts 5 and 6 do not require that element but do require proof that the defendant caused serious physical injury, which is not required for Counts 1 and 2. Thus, these two offenses require proof of a fact that the other does not. Further, Counts 1 and 5 require proof as to one victim, while Counts 2 and 6 require proof as to a second victim. Because each of these counts require proof as to one distinct fact, Petitioner was not punished twice for the same offense. Petitioner has failed to establish a violation of the Fifth Amendment, and Claims 1, 4 and 5 are without merit.

**Claim 2**

Petitioner alleges a violation of his Fifth and Fourteenth Amendment rights because the government broke its promise that induced his guilty plea when it used elements of dismissed claims to argue for the aggravation of Petitioner's sentence. Specifically, Petitioner argues that the State promised to dismissed the dangerous nature allegations, however, after he entered his plea the State argued dangerous nature to aggravate his sentence.

This claim is refuted by the face of Petitioner's plea agreement. The plea agreement that Petitioner signed contained the dangerous nature allegations as to Counts 3-6, citing A.R.S. § 13-604(I) and (P). (Doc. 9, Ex. B.) It also set forth the possible sentencing range as to each count. (*Id.*) In his supplemental reply, Petitioner again argues that regardless of his plea agreement the State promised to dismiss the dangerous nature allegations. The plea agreement states that it is the entire agreement between the parties and any prior understandings are null and void. (*Id.* at 4.) Additionally, when Petitioner pled guilty he

1    stated that he did not have any agreements with the State that were not reflected in the plea
2    agreement. (Doc. 13, Ex. X at 11.) If Petitioner had such an agreement with the State it was
3    superseded by the plea agreement, which included the §13-604 dangerous nature charges.
4    Claim 2 is without factual merit.

5    **Claims 3 and 7**

6    In Claims 3 and 7, Petitioner alleges a violation of his Fifth Amendment rights
7    because the court used the same factors, infliction of serious physical injury and use of a
8    weapon, to both increase the available sentencing range and aggravate his sentence on
9    Counts 3 through 6.

10   Petitioner's allegations are factually inaccurate. As to Counts 3 and 4, he pled guilty
11   to aggravated assault with a deadly weapon or dangerous instrument (A.R.S. § 13-1204(A)(2)
12   & (B)), which is subject to an enhanced sentence under A.R.S. §13-604(I). His sentence as
13   to those counts was aggravated, in part, by infliction of serious physical injury but not use
14   of a firearm. (Doc. 9, Ex. D at 3-4.) Petitioner also pled guilty to Counts 5 and 6, aggravated
15   assault inflicting serious physical injury (A.R.S. § 13-1204(A)(1) & (B)), which is subject
16   to an enhanced sentence under A.R.S. §13-604(I). His sentence as to those counts was
17   aggravated, in part, by use of a firearm but not for infliction of serious physical injury. (Doc.
18   9, Ex. D at 5.) The relevant sentencing statute provides that enhanced sentences may be
19   aggravated as provided in A.R.S. § 13-702. *See* A.R.S. § 13-604(I).

20   As set forth above, the court did not use the same factors to enhance and aggravate
21   Petitioner's sentence. The court used each sentencing factor one time as to each count,
22   therefore, there was no double punishment.

23   **Claim 6**

24   Petitioner alleges a violation of his Sixth Amendment right to effective counsel
25   because his trial counsel failed to (1) object to the use of the same factors to increase the
26   potential sentencing range and aggravate the sentence; and (2) advise Petitioner of the
27   possible sentencing range and aggravation prior to him accepting the plea.

28

Ineffective assistance of counsel (IAC) claims are governed by *Strickland v. Washington*, 466 U.S. 668 (1984). To prevail under *Strickland*, a petitioner must show that counsel's representation fell below an objective standard of reasonableness and that the deficiency prejudiced the defense. 466 U.S. at 687-88.

The inquiry under *Strickland* is highly deferential, and "every effort [must] be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." *Id.* at 689. Thus, to satisfy *Strickland*'s first prong, deficient performance, a defendant must overcome "the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." *Id.*

Because an IAC claim must satisfy both prongs of *Strickland*, the reviewing court "need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies." *Id.* at 697 ("if it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice . . . that course should be followed"). A petitioner must affirmatively prove prejudice. *Id.* at 693. To demonstrate prejudice, he "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694. The calculus involved in assessing prejudice "should proceed on the assumption that the decision-maker is reasonably, conscientiously, and impartially applying the standards that govern the decision." *Id.* at 695.

Both subparts of Petitioner's claim fail because he cannot demonstrate prejudice. Subpart (1), that counsel should have objected to the use of the same factor to enhance and aggravate Petitioner's sentence, fails for the reasons articulated as to Claims 3 and 7 above. The sentencing court did not use the same factor to enhance and aggravate Petitioner's sentence as to any claim, therefore, if counsel had objected there is no probability the outcome would have been different. Subpart (2), that counsel failed to advise him of the

potential sentence, fails because Petitioner signed the plea agreement containing the sentencing ranges and the judge reviewed it with him before accepting his plea. Specifically, the judge went over the sentencing range for each count, advised him that he could receive consecutive sentences as to each victim, and Petitioner confirmed that he had signed and understood the plea agreement. (Doc. 13, Ex. X at 3-7.) Petitioner also confirmed that he had sufficient time to review the agreement with counsel and believed taking a plea was the best option for him. (*Id.* at 7.) Thus, Petitioner was thoroughly advised of the potential sentences he faced, both by counsel and the court, prior to pleading guilty. There is no evidence that Petitioner would not have accepted the plea if counsel had advised him more thoroughly of the applicable sentencing ranges.

Because Petitioner cannot demonstrate actual prejudice as to either part of Claim 6, it fails on the merits.

## RECOMMENDATION

Claims 1 to 6 fail on the merits, and Claims 8 and 9 are procedurally defaulted. Based on the foregoing, the Magistrate Judge recommends that the District Court DISMISS the Petition for Writ of Habeas Corpus (Doc. 1).

Pursuant to Federal Rule of Civil Procedure 72(b)(2), any party may serve and file written objections within fourteen days of being served with a copy of the Report and Recommendation. If objections are not timely filed, they may be deemed waived. If objections are filed, the parties should use the following case number: **CV 10-500-TUC-AWT**.

DATED this 14th day of October, 2011.

D. Thomas Ferraro
United States Magistrate Judge

- 14 -